UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE THOMAS,

        Petitioner,

v.                                                Case Number 06-13105-BC
                                                 Honorable Thomas L. Ludington

ANDREW JACKSON,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
BUT DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY**

      Petitioner Terrance Thomas, presently confined at Saginaw Correctional Facility in Freeland, Michigan has appealed the Court's opinion and judgment dismissing his *pro se* application for a writ of habeas corpus as time-barred. Currently pending before the Court are Petitioner's motion to proceed *in forma pauperis* on appeal and his motion for a certificate of appealability.

      "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court determined in its dispositive opinion that Petitioner failed to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Because his convictions became final before the habeas statute of limitations became effective on April 24, 1996, he had one-year, or until April 24, 1997, to file his habeas petition. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002). Petitioner's post-conviction motion for relief from judgment did not effect the statute of limitations because the limitation period expired before Petitioner filed the motion. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Although Petitioner urged the Court to equitably toll the limitation period on the basis of polygraph evidence, the Court determined that Petitioner's polygraph evidence was not persuasive evidence of actual innocence. Reasonable jurists would not find it debatable whether the Court's procedural ruling was correct or whether the habeas petition states a valid claim of the denial of a constitutional right.

Regarding Petitioner's motion to proceed *in forma pauperis* on appeal, the standard applicable there differs from the standard for issuing a certificate of appealability. That is, issuing a certificate of appealability "has a higher threshold than the [*in forma pauperis*] standard, that the appeal is not frivolous." *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). An appeal may be taken *in forma pauperis* if the appeal is taken in "good faith." 28 U.S.C. § 1915(a). "Good faith" requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing of probable success. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996) (quoting *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). "If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition

to appeal in forma pauperis must be granted." *Harkins*, 935 F. Supp. at 873. Despite the Court's view of the improbability of Petitioner's success on appeal, whether polygraph tests meet the requirements for reliability sufficient to show actual innocence could be argued on the merits. Therefore, the appeal is taken in good faith.

Accordingly, it is **ORDERED** that Petitioner's motion for a certificate of appealability [dkt #15] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to proceed *in forma pauperis* on appeal [dkt #13] is **GRANTED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---

Dated: May 14, 2007